## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**TURBINE DESIGN, INC., a**
**Florida corporation,**

  **Plaintiff,**

v.                                                    **Case No.: 99-599-Civ-Orl-18A**

**PHOENIX CORPORATION, a**
**Mississippi corporation, WILLIAM**
**GORDON BAILEY, ROBERT LAMB, and**
**JAMES LOFTON,**

  **Defendants**

_____/

DENIED and SO ORDERED this ___ day of _____, 19__

G. KENDALL SHARP
United States District Judge

### MOTION TO DISMISS COUNTERCLAIM

The plaintiff, Turbine Design, Inc., and Third Party Defendant, Douglas Karlsen, by and through their undersigned attorney, pursuant to Rule 12, F.R.Civ.P., hereby moves to dismiss the Counterclaim, and as grounds therefore shall state:

1.    Count I for defamation and slander fails to state a claim upon which relief can be granted can be granted, in that the basis of the claim stems from public record of the criminal convictions of Gordon Bailey and from the transcripts of official court proceedings held on February 16, 1999, before the Honorable Judge Kirkwood, Circuit Court Judge, in the case of MegaFlight v. Bailey, et. al. The information about Gordon Bailey is the truth and therefore protected free speech.  In addition, the publication of a trial transcript is a priviledge communication and therefore protectable.  Further, Douglas Karlsen and Turbine

Design have a qualified privilege are protected, because those parties have a special interest in the STC as a competitor and said statements were made in good faith.

2.    Count II for violation and misappropriation of a trade secret fails to state a claim upon which relief can be granted, based upon the following: (a) the defendants failed to show that the alleged trade secret was in fact secret; (b) the defendants failed to show that the plaintiffs came into possession of the trade secret by improper means; (c) the alleged trade secret was waived by disclosure by Megaflight and Phoenix Corp.; (d) the use of the alleged trade secret is moot, because it was returned to the former shareholders of Phoenix Corporation by the FAA and therefore is not being used for the Turbine Design STC; (e) the former shareholders do not have standing to raise a trade secret issue, because they do not "own" and/or control Phoenix Corporation; and (f) the plaintiff used the alleged trade secret with the knowledge and consent of Phoenix Corporation; and plaintiff was never placed on notice that the information was a trade secret of Phoenix Corporation.

3.    Count III for tortious interference with contractual relations and prospective business relationship fails to state a claim upon which releif may be granted, based upon the following: (a) defendants cannot establish a tortious interference claim by alleging that the plaintiff and Karlsen interefered with an amorphous class of customers, but must establish the existence of a business relationship with identifiable customers; and (b) the plaintiffs did not procure the contract breach of the contract by and between MegaFlight and the former

shareholders of Phoenix Corporation, because MegaFlight filed an action against the former shareholders prior to ever having a business relationship with Turbine Design and /or Douglas Karlsen.

4.      Count IV for civil conspiracy fails to state a claim upon which relief may be granted, based upon the following:  (a) a corporation cannot conspire with itself and its officers and employees, since they are considered all one entity; (b) Turbine Design and/or Karlsen did not participate in an agreement to achieve an illegal objective of "misappropriation of defendants trade secrets" because the alleged trade secret data (i.e., test flight data) was used with the permission of Megaflight and Phoenix Corporation; (c)  the former customers of Phoenix Corporation hired Turbine Design to work on their respective aircraft after Megaflight and Phoenix Corporation could not fix the problems with the aircraft and therefore there was no illegal objective; (d) Megaflight did not conspire with its employees and shareholders with Turbine Design and Karlsen to breach the contract by and between Megaflight and the former shareholders of Phoenix Corporation, because Megaflight had filed a law suit against the former shareholders of Phoenix Corporation months before ever having a business relationship with Turbine Design and/or Karlsen; and (e) Turbine Design independently developed its own STC without using any of the data of the Phoenix STC.

5.      Count V for tortious interference with property rights fails to state a claim upon which relief may be granted for the same reasons as stated for the tortious interference of contractual and business relationships.

6.      Count VI for misappropriation of proprietary information fails to state a claim upon which relief may be granted for the same reasons set forth in the trade secrets count.

7.      Count VII for conversion fails to state a claim upon which relief may be granted, based upon the following: (a) Turbine Design and/or Karlsen did not participate in unauthorized act with regard to defendants' alleged property; (b) Turbine Design and/or Karlsen did not deprive defendants of their property permanently or for an indefinite time; and (c) any such alleged deprivation was with the consent of the then current owner of the property.

8.      Count VIII for trespass to chattels fails to state a claim upon which relief may be granted based upon those reasons stated for conversion, trade secrets violation, and misappropriation of property.

9.      Count IX for unfair competition fails to state a claim upon which relief may be granted, in that (a) the defendants do not allege what trade name, service mark, trade mark or trade symbol or what goods and services have been passed off, and (b) the plaintiffs had consent from Phoenix Corporation to use the alleged trade secret.

10.     Count X for trade disparagement fails to state a claim upon which relief may be granted based upon the same reasons as stated for the slander and defamation counts.

11.     Count XI for misappropriation of ideas fails to state a claim upon which relief may be granted, because a design which is not entitled to a design patent may be copied at will and injunction against such copying or an accounting

for damages for copying is in conflict with federal patent laws and an unpatented article, being in the public domain, may be freely copied.

12.    Counts XII and XIII for invasion of privacy ideas fails to state a claim upon which relief may be granted, disclosure of facts obtained from the public records do not give rise to an invasion of privacy claim.

13.    The counterclaim fails to state a claim for which relief may be granted because the  allegations of the complaint are insufficient to give counter-defendants fair notice of  what  counter-plaintiff's claims are and the grounds on which they rest.

**WHEREFORE**, the Counter-defendants, Turbine Design, Inc., and Third Party defendant, Douglas Karlsen, request that this court enter an order dismissing the counterclaim for the reasons stated herein.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by U.S. Mail to Donald R. Anderson, Esq., 300 Atlanta Financial Center South, 3333 Peachtree Road, N.E., Atlanta, Georgia 30326, this /4th day of August, 1999.

Martin A. Pedata, Esq.
3550 Morris Street North
St. Petersburg, Florida 33713
(727) 942-8113
Florida Bar No.: 745790